GRACEY, JUDGE:
On August 19, 1985, the claimants were travelling south on Route 20 at Lerona when their motor home left the travel portion of the roadway and proceeded onto the berm whereupon the vehicle struck a hole. Claimant Robert M. Moore was driving the motor home. He lost control of the vehicle, and it struck a tree. The claimants allege negligence on the part of respondent for failure to maintain the berm, which constituted a hazardous condition, and seek $31,031.40.
The claimants are husband and wife and were travelling in their 1978 Dodge X-Plorer, 24-foot motor home. Mr. Moore was operating the vehicle and his wife was a passenger. They had visited Pipe Stem State Park and were proceeding toward Princeton at approximately 11:00 a.m. at the time of the incident. Route 20 is a two-land, asphalt highway. The weather was clear and the road was dry. The Moore vehicle was being approached by another vehicle in the opposite lane. To compensate for the narrow width of the highway, Mr. Moore attempted to keep his motor home to the far right. In so doing, the motor home slipped off the paved surface of the road onto the berm and struck a hole located on the berm.
Testimony in the claim revealed that individuals who worked and lived in the vicinity of this accident were award of the existence of the hole. The hold was estimated to be 15 inches in circumference and 7 inches deep. Complaints had been made to respondent concerning the presence of holes in the berm on Route 20. However, no complaints were made with specific reference to this hole.
*64 Corporal Dan Fulknier, a member of the Department of Public Safety, investigated this accident. He testified that the width of Route 20 is approximately 19 feet. There is a double yellow line in the center of the road. The depth of the pavement, from the top of the pavement to the normal berm, was 7 inches. This differential extends the length of the entire berm in that area. Corporal Fulknier stated that he was able to locate an accident report for an incident occurring previous to August 19, 1985. The report documented an accident which may have occurred on or about July 14, 1985, at the same location as the present accident. However, the accident report did not mention a hole in the berm.
The record also revealed that respondent had not received any complaints concerning this area of the road or the berm prior to the accident.
The evidence as presented fails to reveal why claimant Robert M. Moore drove his vehicle off the travel portion of the road and onto the term at the accident site. The paved highway would facilitate the passing of two vehicles. The Court has held that a traveler on the State's highways travels at his own risk and uses the berm at his own risk. See Cole vs. Dept. of Highways, CC-82-292, (January 17, 1986).
The Court has been unable to determine negligence on the part of respondent in the maintenance of the berm on Route 20. There was no apparent reason for the Moore vehicle to veer onto the berm. In accordance with previous decisions of the Court, the claim must be denied.
Claim disallowed.
Judge David G. Hanlon did not hear nor participate in the decision of this claim.